## WESTERN UNION TELEGRAPH COMPANY v. STATE OF TEXAS.

### No. 2065.     Decided April 6, 1910.

**1.—Constitutional Law—Telegraph Company—Interstate Commerce—Foreign Corporation—Right to do Business in State.**

The Act of May 16, 1907 (Laws 30th Leg., p. 502) imposing a franchise tax upon foreign corporations for the right to do business in the State is unconstitutional as applied to a telegraph company engaged in interstate commerce, although the judgment of ouster sought for noncompliance with the terms of the Act is limited to the transmission of intrastate or local business by such company.     (Pp. 309, 310).

**2.—Same—Case Followed.**

The ruling of the Supreme Court of the United States in Western Union Telegraph Company v. State of Kansas, 216 U. S., 1, holding that "the rule that a State may exclude foreign corporations from its limits or impose such terms and conditions on their doing business therein as it deems consistent with its public policy does not apply to foreign corporations engaged in interstate commerce; and the requirement that the Telegraph Company pay a given percent of all its capital, representing all its business, interests and property everywhere, within and outside of the State, operated as a burden and tax on the interstate business of the company in violation of the commerce clause of the Constitution, as well as a tax on its property beyond the limits of the State, which it could not tax consistently with the due process of law enjoined by the Fourteenth Amendment," is followed and held decisive of this case.     (Pp. 309, 310).

Error from the Court of Civil Appeals for the Third District, in an appeal from Travis County.

The telegraph company obtained writ of error upon the affirmance by the Court of Civil Appeals of a judgment of the District Court in an action brought by the State enjoining it from doing any business of a wholly intrastate character within the State except for the Government of the United States by reason of its failure to pay for a permit to do business within the State, the fees imposed for such privilege by the Act of May 16, 1907.

*Hume, Robinson & Hume* and *Spoonts, Thompson & Barwise,* for plaintiff in error.—The relief sought by plaintiff against defendant for doing business in this State other than business authorized by the United States, without securing permit by paying fee in a sum fixed according to the amount of its entire authorized capital stock, could not be lawfully adjudged under said Acts of the Legislature, or any of them, invoked by the plaintiff as authority for such relief; for the statute so fixing the rule for the ascertainment of the amount of such fee is void, in that it exacts of the defendant a percentage of the entire said capital stock, representing all of the defendant's property everywhere, as well that out of the State, and not subject to

its jurisdiction, as that in the State and subject to its jurisdiction. Gulf and Ship Island Rd. Co. v. Hewes, 183 U. S., 66, 77, 78; Delaware L. & W. R. Co. v. Pennsylvania, 198 U. S., 341; Galveston, H. & S. A. Ry. Co. v. State of Texas, 210 U. S., 217.

The defendant's answer pleads a valid defense to the plaintiff's suit, in that the answer alleges that the Acts of the Legislature relied on by the plaintiff as warranting the ouster of the defendant from doing business wholly intrastate are void: Because said Acts impose upon the defendant payment of a permit fee, not for doing such business only, but, for doing business in the State, including interstate, governmental and foreign, as well as intrastate business, and the last whether it be governmental or not, and are an attempted regulation of and interference with business done by the defendant in the State by authority of the said Act of July 24, 1866, and other Acts of Congress, and are in violation of paragraph 3, section 8, article 1 of the Constitution of the United States empowering Congress to regulate interstate and foreign commerce. Southern Ry. Co. v. City of Asheville, 69 Fed. Rep., 359, 361, 362; Webster v. Bell, 68 Fed. Rep., 183; Allen v. Pullman Co., 191 U. S., 171, 177-180, citing, inter alia, Pickard v. Pullman Co., 117 U. S., 34, and Leloup v. Mobile, 127 U. S., 640, 647, 648; Employers' Liability Cases, 207 U. S., 463, 490, 498, 499, 500, 501; Crutcher v. Kentucky, 141 U. S., 47, 56; James v. Bowman, 190 U. S., 127, 140-142, citing, inter alia, United States v. Reese, 92 U. S., 214, 219-221, and Trade Mark Cases, 100 U. S., 82, 98, 99; United States v. Harris, 106 U. S., 629, 642; Poindexter v. Greenhow, 114 U. S., 270, 304, 305; Sprague v. Thompson, 118 U. S., 90, 94, 95; Baldwin v. Franks, 120 U. S., 678, 685-688; W. U. Telegraph Co. v. Alabama, 132 U. S., 472; Connolly v. Union Sewer Pipe Co., 184 U. S., 540, 565.

The defendant's answer pleads a valid defense to the plaintiff's suit in that the answer alleges that to deprive the defendant of the right to do intrastate business on its lines within the State of Texas will take from it forty-three percent of its revenues, without lessening its expenses, and compel the discontinuance of its offices, as now maintained, for interstate and governmental business, to the serious interference with and detriment to said business, in violation of the provisions of the Constitution of the United States empowering Congress to regulate commerce, and to establish post-offices and post-roads, and to make all necessary laws for the execution of said powers. State v. Texas & Pac. R. Co., 100 Texas, 279, citing, interpreting and adopting California v. Cent. Pac. R. Co., 127 U. S., 1; Pensacola Tel. Co. v. Western Union Tel. Co., 96 U. S., 1; San Francisco v. Western Union Tel. Co., 96 Cal., 144, 145, 17 L. R. A., 301.

The defendant being a person within the jurisdiction of the State of Texas, and a foreign telegraph corporation engaged in a telegraph business there when and for many years continuously before and ever since said Act of May 16, 1907, invoked by the plaintiff, was passed, the Act is, as to the defendant, void, and the judgment is without warrant of law: Because the Act imposes a much greater charge upon a foreign telegraph corporation for permission to do business in the State than it imposes upon a domestic telegraph corporation for

permission to so do business, and is, therefore, in violation of the provision of article 14 of the Constitution of the United States prohibiting the denial by any State to any person within its jurisdiction of the equal protection of the laws, and discriminates against the defendant and in favor of domestic telegraph corporations in the matter of their right to do telegraph business in the State, and is class legislation. 3 Clark & Marshall, Private Corporations, sec. 845, par. (d), pp. 2704, 2705—the general rule. Illustratively: State v. Texas & Pac. R. Co., 100 Texas, 279—citing, interpreting and adopting California v. Central Pac. R. Co., 127 U. S., 1; Pensacola Tel. Co. v. Western Union Tel. Co., 96 U. S., 1; San Francisco v. Western Union Tel. Co., 96 Cal., 144, 145, 17 L. R. A., 301.

*R. V. Davidson,* Attorney-General, and *James D. Walthall,* Assistant, for defendant in error.—Appellant is a foreign corporation chartered and organized under the laws of the State of New York, and, as such, the State of Texas may impose any restrictions and regulations as a condition precedent to its right to transact business in this State that it sees fit, so long as such restrictions and regulations do not interfere with interstate commerce or governmental business. Paul v. Virginia, 8 Wall., 168; Pembina Mining Co. v. Pennsylvania, 125 U. S., 181; Horn Silver Mining Co. v. New York, 143 U. S., 305; Bank of Augusta v. Earle, 38 U. S., 519; Hooper v. California, 155 U. S., 648; Security Mutual Life Ins. Co. v. Prewitt, 202 U. S., 246; Pensacola Tel. Co. v. Western U. Tel. Co., 96 U. S., 1; Cooper Mfg. Co. v. Ferguson, 113 U. S., 737; Pickard v. Pullman S. Car Co., 117 U. S., 34; Case of State Freight Tax, 15 Wall., 232; Ratterman v. Western Union Tel. So., 127 U. S., 411; Osborne v. Florida, 164 U. S., 650; Kehrer v. Stewart, 190 U. S., 60; Armour Packing Co. v. Lacy, 200 U. S., 226; Waters-Pierce Oil Co. v. Texas, 177 U. S., 28; Allen v. Pullman Co., 191 U. S., 171; Western Union Tel. Co. v. Pendleton, 122 U. S., 347; Western Union Tel. Co. v. New Hope, 187 U. S., 419; Minot v. Railroad Co., 18 Wall., 206; State of Kansas v. Western Union Tel. Co., 75 Kansas, 631.

The provisions of the Acts of 1897 and 1907, to the effect that any corporation organized under the laws of any other State, Territory or foreign country and seeking to do business in this State (G. L. 1897, p. 167; G. L. 1907, p. 500), shall perform the conditions precedent required of it before obtaining permission to do business in this State, are to be interpreted in subordination to the provisions of the Constitution of the United States, and are intended to apply to subjects within the lawful jurisdiction of the Legislature; and so interpreted, those statutes have no application to interstate commerce carried on by foreign corporations, or to business transacted for the Federal government, and the appellant may engage in such commerce and transact such business in this State without observing any of the requirements of said statutes. Osborne v. Florida, 33 Fla., 162, 25 L. R. A., 120; affirmed in Osborne v. Florida, 164 U. S., 650; State v. Western Union Tel. Co., 75 Kansas, 620: L. N. O. & T. Ry. Co. v. State, 66 Miss., 662, affirmed in Louisville, etc., Ry. Co. v. Miss., 135 U. S., 587; Lacy v. Packing Co., 134 N. C., 567, af-

firmed in Armour Packing Co. v. Lacy, 200 U. S., 226; Kehrer v. Stewart, 117 Ga., 969; Kehrer v. Stewart, 197 U. S., 60; Waters-Pierce Oil Co. v. Texas, 177 U. S., 28; McCullough v. Virginia, 172 U. S., 102; Horn Silver Mining Co. v. New York, 143 U. S., 305; People ex rel. Roberts, 171 U. S., 658; Ratterman v. Western Union, 127 U. S., 411; Western Union Tel. Co. v. Mass., 125 U. S., 530; Ashley v. Ryan, 153 U. S., 436; Postal Tel. Co. v. City of Charleston, 153 U. S., 692; Peik v. Chicago & N. W. Ry. Co., 94 U. S., 164; Chicago, etc., v. Ackley, 94 U. S., 179.

The provisions of the Acts of 1897 and 1907 to the effect that any corporation organized under the laws of any other State, Territory or foreign country, and seeking to do business in this State (G. L. 1897, page 167; G. L. 1907, page 500), are not in violation of any provision of the Fourteenth Amendment to the Constitution of the United States. A foreign corporation is not a citizen within the meaning of the prohibition that the privileges or immunities of citizens of the United States shall be abridged. The right of foreign corporations to do business within a State is purely ex comitate, and statutory provisions either limiting such right or imposing license fees as a prerequisite to such right, or decreeing the forfeiture of such right for failure to comply with prescribed regulations, can not be regarded as depriving foreign corporations of their property without due process of law. State v. Western Union Tel. Co., 75 Kansas, 659; Horn Silver Mining Co. v. New York, 143 U. S., 305; State ex rel. v. American Book Co., 65 Kansas, 847; St. Louis v. Western Union Tel. Co., 148 U. S., 92; Postal Tel. Co. v. Baltimore, 156 U. S., 210; Western Union Tel. Co. v. New Hope, 187 U. S., 427; Pabst Brewing Co. v. Crenshaw, 198 U. S., 17; Mutual Life Insurance Co. v. Spratley, 172 U. S., 602; Hooper v. California, 155 U. S., 648; Home Ins. Co. v. City Council, 93 U. S., 116; Doyle v. Ins. Co., 94 U. S., 535; Fertilizing Co. v. Hyde Park, 97 U. S., 659; Newton v. Commissioners, 100 U. S., 548.

The appellant in this case is a foreign corporation organized and chartered under the laws of the State of New York; and, under the statutes of this State, in order for it to transact business here, it must file a certified copy of its articles of incorporation with the Secretary of State and secure from that officer a permit and pay therefor the fees prescribed by the Act of 1907, Geneal Laws, page 500. Rev. Stats., art. 745; Act 1897, G. L., 167; Act 1907, May 16, G. L., 500; Constitution of Texas, art. 4, sec. 22; Rev. Stats., art. 2901; East Line & Red River Ry. Co. v. State, 75 Texas, 434; The Texas Trunk Ry. Co. v. State, 83 Texas, 1; Security Co. v. National Bank, 93 Texas, 580; State v. Farmers Loan & Trust Co., 81 Texas, 530; State of Kansas v. Western Union Tel. Co., 75 Kan., 609; Section 3, Final Title, Rev. Stats.; Rev. Stats., art. 4343.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

Since this suit was brought to this court the Supreme Court of the United States in the case of the Western Union Telegraph Company v. The State of Kansas, has ruled that a similar law of Kansas is unconstitutional. This renders unnecessary any discussion of the

question involved· in this suit. Upon the authority of the case cited, the judgments of the District Court and of the Court of Civil Appeals are reversed and judgment here rendered for the Western Union Telegraph Company.

*Reversed and rendered.*